**Christine DREW, Appellant,**

v.

**DeVere DREW, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 8, 2004.

Filed March 4, 2005.

Bradley K. Enterline, Erie, for appellant.

BEFORE: HUDOCK, MUSMANNO and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Christine Drew appeals from the April 20, 2004 Order denying her request for the entry of a temporary Protection From Abuse (PFA) Order against her husband, DeVere Drew, pending a final hearing on her petition.[1] In denying relief, the trial court concluded "there was insufficient indicia of credibility under the circumstances to sustain a finding that a temporary order was necessary, let alone to schedule a final hearing pursuant thereto[.]" Trial Court Opinion, Connelly, J., 6/22/04, at 1. The court made its decision after entertaining *ex parte* testimony by appellant/wife.

¶ 2 According to appellant's PFA petition, the parties reside together with their 12–year–old son, and wife's two children, ages seven and 14. *Pro se* appellant testified that on April 19, 2004, appellee grabbed her in a choke hold, covered her mouth and nose, and caused her to fall to

1. Appellee husband has not filed a brief in this matter.

the ground. Wife also stated that this instance of abuse was the latest in a course of conduct that had begun in September, 2003. Record, No. 6.9.

¶ 3 Appellant argues the trial court erred by denying her a temporary PFA "solely on the grounds that she failed to tell the police, in the presence of her husband, that she had been abused." Appellant's brief at 8. Had she been questioned outside husband's presence, appellant argues, she would have been unafraid and forthcoming with the officers. Appellant also contends the court committed an error of law by failing to conduct a final hearing on the petition, in accordance with 23 Pa.C.S.A. § 6107, **Hearings**.

¶ 4 Without addressing the merit of appellant's first argument, we vacate the April 20, 2004 Order on the basis the court erred by refusing to conduct an evidentiary hearing, thereby denying appellant the opportunity to appear, with counsel, to submit evidence and witnesses in support of her allegation that she had been abused by appellee.

¶ 5 "In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." *Ferri v. Ferri*, 854 A.2d 600, 602 (Pa.Super.2004).

¶ 6 Rule 6107 provides as follows:

(a) **General rule.**—Within ten days of the filing of a petition under this chapter, a hearing *shall* be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence.

*Id.* (emphasis added). The statutory use of the word "shall" mandates that such hearing be conducted. *See e.g., Burke v. Bauman*, 814 A.2d 206 (Pa.Super.2002).[2] While one might attempt to argue appellant did have a "hearing" before the court, once again the statutory language belies such interpretation. Section 6107(a) requires that a hearing be conducted at which time the petitioner must prove the allegation of abuse by a *preponderance* of the evidence. The *ex parte* hearings conducted in order to secure a temporary PFA Order, such as the one conducted herein, require only that the petitioner convince the court he or she is in "immediate and present danger of abuse[.]" 23 Pa.C.S.A. § 6107(b), **Temporary orders**.

¶ 7 Our interpretation of § 6107 makes it apparent the trial court erred by denying appellant an evidentiary hearing. We therefore vacate the April 20, 2004 Order and remand for proceedings consistent with this Opinion.

¶ 8 Order vacated; case remanded.

¶ 9 Jurisdiction relinquished.

---

2. While admittedly in *Burke v. Bauman*, 814 A.2d 206 (Pa.Super.2002) there was no indication that even an initial hearing was held in order to ascertain whether a temporary Order should be issued, this Court stated, unequivocally, that "[u]nder the Protection From Abuse Act, ("the Act"), 23 Pa.C.S.A. § 6101 *et seq.*, evidentiary hearings are mandatory." *Id.* at 208.