J.S07033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

LINDA THOMAS-JOHNSON,         :      IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
                   Appellee   :
                              :
              v.              :
                              :
TRUDY JOHNSON,                :
                              :
                   Appellant  :      No. 1441 MDA 2015

Appeal from the Order Entered May 26, 2015
in the Court of Common Pleas of Dauphin County Civil Division
at No(s): 2015-CV-03914-AB

BEFORE: BOWES, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED FEBRUARY 12, 2016**

Appellant, Trudy Johnson, appeals *pro se* from the protection from

abuse ("PFA") order entered by the Dauphin County Court of Common Pleas

upon the petition of her daughter-in-law, Appellee, Linda Thomas-Johnson.

We are constrained to vacate and remand this matter for further

proceedings.

On May 18, 2015, Appellee filed a petition for emergency relief from

abuse, and a temporary PFA order and a notice of hearing were issued that

same day. On May 26, 2015, Appellant and Appellee both appeared *pro se*

for a hearing before the trial court. After the parties were sworn in and the

---

[*] Former Justice specially assigned to the Superior Court.

matter was announced by Ms. Walters[1] as "contested," the hearing proceeded as follows:

> THE COURT: Okay. Now, I'm looking at this affidavit here. It would seem that there was a little bit of an altercation that occurred, and that some unfortunate things happened in relation to you folks.
>
> You [to Appellee] just want a protection order that protects you from [Appellant]; right?
>
> [Appellee]: Yes.
>
> THE COURT: Do you [Appellant] have any necessary reason to have to have any contact with [Appellee]?
>
> [Appellant]: None whatsoever.
>
> THE COURT: Okay. So can we agree that we're going to just enter an order here that you'll stay away from her, and she'll stay away from you?
>
> Does that work for you?
>
> [Appellant]: She's married to my son.
>
> THE COURT: She's married to your son.  Okay.
>
> Well, does that work for you?
>
> [Appellee]: Yes.  I just want her to stay away from me because she becomes physical.
>
> THE COURT: All right.  Well, that's an easy fix here, okay? So you're going to stay away from her.  She's not going to have anything to do with you, okay, except as maybe indirectly through her being married to your son; right?

---

[1] "Ms. Walters," who is not otherwise identified in the record, initially called the case to order.

[Appellee[2]]: Yes.

THE COURT: Okay. That's what we're going to do for one year. Okay? We need to have this calm down a little bit. Okay? And that will, I think, resolve the matter as best as we can resolve it today.

Thank you very much for being reasonable.

MS. WALTERS: The costs, Your Honor?

THE COURT: Give the lady 90 days.

MS. WALTERS: And I assume they don't live together, but she would be excluded from [Appellee's] residence; is that correct?

So you wouldn't go to her residence.

[Appellee]: That's my son's house.

THE COURT: No. It's not the same house. . . .

MS. WALTERS: I just want to make sure she's excluded—that she can't come to that residence.

THE COURT: Oh, yeah. She can't come to that residence. That's not the way it works.

[Appellee]: Excuse me, Your Honor, or his car. Every time I get in his car, she's threatening to slash his tires.

THE COURT: Anywhere where you are is a protected place.

[Appellee]: Thank you, Your Honor.

[Appellant]: Your Honor.

THE COURT: Yeah.

---

[2] Although the preceding question appeared to be directed to Appellant, the transcript reflects that "the plaintiff," Appellee, answered the court.

[Appellant]: Can I say something?

THE COURT: Yeah.

[Appellant]: I never touched her.

THE COURT: I understand. We're not getting into fault here.

[Appellant]: Okay.

THE COURT: We're just trying to keep people from getting themselves into trouble and then getting arrested and locked up because that's not fun. Okay.

[Appellee]: So the order is in place for a year?

THE COURT: Yeah, it's in place for a year.

[Appellee]: Thank you, Your Honor.

THE COURT: Thank you, ma'am.

N.T., 5/26/15, at 2-4. The proceeding lasted five minutes, and a final PFA order, which is set to expire on May 26, 2016, was entered against Appellant. Appellant filed an appeal on June 16, 2015. The trial court did not order a Pa.R.A.P. 1925(b) statement.

Appellant's *pro se* brief merits comment.[3] It consists of a one-page letter, eleven pages of exhibits, and a final page reciting her factual allegations. In her cover letter, Appellant notes, in relevant part:

> I am not a violent person and have never involved myself in any type of situation of this nature. Therefore, I am clearly very upset that [Appellee] lied about this incident in order to obtain a PFA against me. **[The trial court]**

---

[3] Appellee did not file a responsive brief.

- 4 -

> **didn't allow me to tell my side of the incident and I am respectfully requesting a chance to do so at this time**.
>
> You can clearly see that [Appellee] lied on the PFA Complaint (highlighted areas):
>
> #1 -The window was down a little
> #2 - I punched her in the face (see #1)
> #3 -she stated she moved to the side and I missed (see #1 again)
>
> I want to be heard and nothing to tarnish my record.  I would also like both my sons to be witnesses.

Appellant's Brief at 1 (unpaginated) (emphasis added).  Appellant's remaining factual allegations concern a dispute over a car, denials of Appellee's allegations of abuse, and challenges to Appellee's credibility.  ***Id.*** at 13.

Our Rules of Appellate Procedure set forth the required contents of appellate briefs.  "The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail."  Pa.R.A.P. 2116(a).  "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."  Pa.R.A.P. 2119(a).  "Citations of authorities must set forth the principle for which they are cited."  Pa.R.A.P. 2119(b).  "If reference is made to the pleadings, evidence, charge, opinion or order, or

any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears[.]" Pa.R.A.P. 2119(c).

The "failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review." **Harris v. Toys "R" Us-Penn, Inc.**, 880 A.2d 1270, 1279 (Pa. Super. 2005). This Court has stated:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.** Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**In re Ullman**, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (some citations omitted).

Appellant's brief is obviously defective, and her apparent challenges to the credibility and weight of Appellee's allegations are waived. **See id.** However, Appellant's assertion that she was not afforded an opportunity to be heard is sufficiently self-sustaining under the circumstances of this appeal. Specifically, the face of the record establishes the proceeding in the trial court did not comport with the statutory requirement that "a hearing shall be held before the court, at which the plaintiff must prove the

allegation of abuse by a preponderance of the evidence." 23 Pa.C.S. § 6107(a); *cf. Drew v. Drew*, 870 A.2d 377, 378 (Pa. Super. 2005) (noting hearing before issuance of final PFA is mandatory). Accordingly, we agree that Appellant did not have an appropriate opportunity to rebut the allegations of abuse.

In light of the foregoing, we vacate the PFA order and remand this matter for a new hearing.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2016