J. A29003/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.A.S. AND ON BEHALF OF MINOR CHILD, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPELLANT | : | |
| v. | : | |
| | : | |
| S.E.B. | : | |
| | : | |
| | : | |
| | : | No. 325 WDA 2016 |

Appeal from the Order Entered February 9, 2016
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 15-008183-010

| | | |
|---|---|---|
| S.A.S. AND ON BEHALF OF MINOR CHILD, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPELLANT | : | |
| v. | : | |
| | : | |
| S.E.B. | : | |
| | : | |
| | : | No. 337 WDA 2016 |

Appeal from the Order Entered February 9, 2016
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 15-008183-010

BEFORE: DUBOW, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED JANUARY 11, 2017**

In this consolidated appeal, Appellant, S.A.S. ("Mother"), appeals from two February 9, 2016 Orders entered in the Court of Common Pleas of Allegheny County which denied Mother's Petitions for Protection From Abuse

("PFA") against Appellee, S.E.B. ("Father"), without an evidentiary hearing.[1] Upon review, we are constrained to vacate the Orders and remand for an evidentiary hearing as required by 23 Pa.C.S. § 6107(a).

A detailed factual and procedural history is not necessary to our disposition. In sum, Mother and Father are married but have been separated since November of 2014 and have been involved in an acrimonious custody dispute regarding their ten-year-old son, F.H. ("Child"), since June of 2015.

On October 23, 2015, Mother filed a PFA Petition with request for a temporary PFA Order on behalf of herself and Child after Child made sex abuse allegations against Father. After an *ex parte* hearing, the trial court issued a temporary PFA Order against Father and scheduled an evidentiary hearing. On December 28, 2015, after a five-day long evidentiary hearing, the trial court denied Mother's PFA Petition but granted Mother sole legal custody and primary physical custody of Child and limited Father's contact with Child to supervised visitation two times per week.

On February 2, 2016, Mother filed a PFA Petition with a request for a temporary PFA Order alleging, *inter alia*, that Child had disclosed new sex abuse allegations against Father and alleging that Father had sent Mother a

---

[1] The Orders are dated February 2, 2016, and February 3, 2016, respectively, but were both filed on February 9, 2016. We note that the February 3, 2016 Order is incorrectly dated, and should reflect a date on or after February 4, 2016, when the trial court conducted an *ex parte* hearing on the second PFA Petition.

threatening text message. On the same day, the Honorable Lee Mazur held an *ex parte* hearing and said, "you have to get this in front of Judge Clark. She already heard it and I'm not going to decide it." N.T. PFA *Ex Parte* Hearing, 2/2/16, at 14. Judge Mazur denied the PFA Petition without scheduling an evidentiary hearing.

On February 3, 2016, Mother re-filed the same PFA Petition with a request for a temporary PFA Order. On February 4, 2016, the Honorable Kim Berkeley Clark conducted an *ex parte* hearing and denied Mother's PFA Petition without scheduling an evidentiary hearing, but suspended visitation between Father and Child.

Mother timely appealed. Both Mother and the trial court complied with Pa.R.A.P. 1925.

Mother raises the following issues on appeal:

1. Whether the trial court erred as a matter of law and abused its discretion on February 2, 2016 and February 4, 2016 when it denied Mother's [PFA Petitions] without conducting an *ex parte* hearing on Mother's request for a Temporary Order for Protection from Abuse, as required pursuant to 23 Pa.C.S. § 6107(b).[2]

---

[2] Mother's Statement of Questions Involved asserts that the trial court abused its discretion on both February 2, 2016, and February 4, 2016, when it failed to conduct a proper *ex parte* hearing. Mother's Brief at 11. However, Mother's Argument section only examines the February 2, 2016 *ex parte* hearing and fails to develop any argument regarding the February 4, 2016 *ex parte* hearing. Mother's Brief at 15-16. Accordingly, we find the issue regarding the February 4, 2016 *ex parte* hearing to be waived. **See Lackner v. Glossner,** 892 A.2d 21, 29 (Pa. Super. 2006) ("arguments which are not appropriately developed are waived"); **see also** Pa.R.A.P. 2101-2119.

2. Whether the trial court erred as a matter of law and abused its discretion by failing to schedule a final hearing on Mother's [PFA Petitions], as required pursuant to 23 Pa.C.S. § 6107(a).

Mother's Brief at 11 (reordered for ease of disposition).

It is well settled that "[w]e review the propriety of a PFA order for an abuse of discretion or an error of law." **Ferko-Fox v. Fox**, 68 A.3d 917, 920 (Pa. Super. 2013).

Mother's first claim is that the trial court erred on February 2, 2016 when it failed to conduct a "proper *ex parte* hearing" on Mother's PFA Petition requesting a temporary PFA Order, as required by 23 Pa.C.S. § 6107(b). Mother's Brief at 15. This claim is without merit.

The PFA Act states, *inter alia*, that "[i]f a plaintiff petitions for temporary order for protection from abuse and alleges immediate and present danger of abuse to the plaintiff or minor children, the court **shall** conduct an *ex parte* proceeding." 23 Pa.C.S. § 6107(b) (emphasis added). While "the statute does not [set forth] the nature of the required proceeding," this Court has held "unequivocally that absent an exigent circumstance that prevents a petitioner's appearance, due process mandates that a trial court convene an *ex parte* hearing prior to entering a temporary PFA order pursuant to § 6107(b)." **Ferko-Fox**, **supra** at 923, 925 (Pa. Super. 2013); **see also** 23 Pa.C.S. § 6107(b).

There is no question that the PFA Act required the trial court to hold an *ex parte* hearing, and the trial court held that *ex parte* hearing on February

2, 2016. The issue before us is whether the February 2, 2016 *ex parte* hearing was a "proper" hearing. Mother's Brief at 15. A review of the record reveals that it was.

Mother appeared in front of Judge Mazur on February 2, 2016, to present her PFA Petition that requested a temporary PFA Order. Mother testified that she was afraid to go home, Father had threatened her in a text message, Father had damaged her home over time, the Child was terrified at school, the Child disclosed additional sex abuse allegations against Father, and the Child was terrified to visit with Father. N.T. PFA *Ex Parte* Hearing, 2/2/16, at 2-14. Judge Mazur listened to the testimony, engaged with Mother, and asked over ten questions regarding the merits of the PFA Petition. *Id.* The transcribed testimony spans thirteen pages.

We review the nature of the *ex parte* proceeding recognizing that "the statute does not [set forth] the nature of the required proceeding[.]" **Ferko-Fox, supra** at 925. In this case, the trial court gave Mother an opportunity to testify regarding the merits of the Petition and the trial court asked multiple questions in response. We find this to be a proper *ex parte* hearing pursuant to 23 Pa.C.S. § 6107(b). Accordingly, the trial court did not abuse its discretion.

Mother next avers that the trial court erred as a matter of law and abused its discretion on February 2, 2016, and February 4, 2016, by failing

to schedule a final hearing on Mother's PFA Petitions, as required pursuant to 23 Pa.C.S. § 6107(a).  Mother's Brief at 16.  We agree.

The PFA Act states unequivocally:  "[w]ithin ten business days of the filing of a petition under this chapter, a hearing **shall** be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence."  23 Pa.C.S. § 6107(a) (emphasis added). This Court has held that under the PFA Act, evidentiary hearings are mandatory because the statutory use of the word "shall" mandates that a trial court conduct such a hearing.  ***Burke ex rel. Burke v. Bauman***, 814 A.2d 206, 208 (Pa. Super. 2002).

Moreover, an *ex parte* hearing to determine whether the court should issue a temporary PFA Order cannot qualify as the evidentiary hearing required by 23 Pa.C.S. § 6107(a).  ***Drew v. Drew***, 870 A.2d 377, 378 (Pa. Super. 2005).  The two hearings require different standards of proof.  ***Id.*** The *ex parte* hearing requires the petitioner to convince the court that he or she is in immediate and present danger of abuse, while the evidentiary hearing requires the petitioner to prove the allegations of abuse by a **preponderance** of the evidence.  ***Id.***; 23 Pa.C.S. § 6107.

In this case, the trial court opined, "[a]fter two *ex parte* hearings, both Judge Mazur and [Judge Clark] found that [the PFA Petitions] failed to allege any substantially new allegations of immediate and present danger of abuse regarding [Mother] or [Child] which had not been raised and considered by

[Judge Clark] during a five-day PFA trial that concluded on December 22, 2015. Additionally, it appears that [Mother] is attempting to take a second bite of the apple and usurp the contentious custody proceedings." Trial Court Opinion, filed 6/27/16, at 9.

We share the trial court's concerns that the Mother is using these proceedings to usurp the contentious custody proceedings, however, Mother's actions do not vitiate the mandatory language that the trial court must hold an evidentiary hearing. 23 Pa.C.S. § 6107(a).

Accordingly, we find that the trial court committed reversible error on February 2, 2016, and again on February 4, 2016, when it denied Mother's identical PFA Petitions without conducting an evidentiary hearing as required by 23 Pa.C.S § 6107(a). The trial court is to conduct a consolidated evidentiary hearing on both PFA Petitions and is free to apply principles of *res judicata* to dismiss unfounded allegations that the trial court addressed in the December evidentiary hearing.

Orders vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Moulton joins the memorandum.

Judge Musmanno files a dissenting statement.


Judgment Entered.

- 7 -

J. A29003/16

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/11/2017