J-A29003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.A.S. AND ON BEHALF OF MINOR CHILD, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| S.E.B. | : | Nos. 325, 337 WDA 2016 |

Appeal from the Order Dated February 9, 2016
in the Court of Common Pleas of Allegheny County
Family Court, No(s): FD-15-008183-010

BEFORE:  DUBOW, MOULTON and MUSMANNO, JJ.

DISSENTING STATEMENT BY MUSMANNO, J.:     **FILED JANUARY 11, 2017**

Respectfully, I dissent to the result reached by the Majority.  I am aware that in interpreting Section 6107, this Court has held that the word "shall" in 23 Pa.C.S.A. § 6107 (a) mandates that a final evidentiary hearing must be conducted within ten days of filing the Petition. *Drew v. Drew*, 870 A.2d 377, 378 (Pa. Super. 2005); *Burke ex rel Burke v. Bauman*, 814 A.2d 206, 208 (Pa. Super. 2002).  However, in this case, the trial court determined that Mother had previously litigated the same claims raised in the instant Petition.  Further, Mother was afforded due process, as the claims were the subject of a five-day hearing, less than two months prior to the filing of the instant Petition.  In this case, remanding for additional hearings on the same claims is an absolute waste of judicial time and resources.  Section 6107(a) affords due process to the PFA petitioner.  It does not envision repeated bites at the same apple.