J. S58040/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.G.B., ON BEHALF OF N.G.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| W.K., | : | No. 734 WDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order, April 18, 2018,
in the Court of Common Pleas of Elk County
Domestic Relations Division at No. 2018-269

BEFORE:  OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED NOVEMBER 13, 2018**

W.K. ("appellant") appeals from the final protection from abuse order ("PFA Order") entered against him in the Court of Common Pleas of Elk County on April 18, 2018.  After careful review, we affirm.

The record reflects that on April 16, 2018, appellee filed with the trial court a petition for protection from abuse on behalf of N.G.A.,[1] in which she alleged that appellant removed N.G.A. from his bicycle by grabbing his neck. (Petition for PFA, 4/16/18 at ¶ 11.)  The trial court entered a temporary PFA order on April 16, 2018, and scheduled a hearing for a final PFA order.  (**See** temporary PFA order, 4/16/18.)  On April 18, 2018, the trial court held a hearing for a final PFA order.  Appellant did not appear for the hearing, and

---

[1] Appellant and appellee are N.G.A.'s biological parents.

the trial court only heard testimony from appellee. (**See** notes of testimony, 4/18/18 at 1-9.) Following the hearing, the trial court entered the final PFA order against appellant in which appellant was, **inter alia**, evicted and excluded from appellee's residence and appellee was granted full temporary custody of N.G.A. (Final PFA order, 4/18/18 at 1-2.) Additionally, the order permits appellee to authorize supervised visits between appellant and N.G.A. (**Id.** at 2.)

Appellant filed a notice of appeal with this court on May 14, 2018. Appellant simultaneously filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 20, 2018, the trial court issued an order in lieu of a formal opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

I.    Whether the trial court erred as a matter of law in proceeding with the protection from abuse hearing when the appellant was not present, when said appellant was in the Elk County Jail, which was connected to the courthouse?

II.   Whether the trial court erred as a matter of law in granting the protection from abuse when the only evidence presented was the testimony of [appellee], with no supporting documentation with respect to any danger concerning the minor child?

III.  Whether the trial court erred in ordering a three (3) year protection from abuse on the minor child against appellant, and requiring supervised visitation to be controlled by [appellee], when appellant had primary custody of said minor child?

Appellant's brief at 4 (full capitalization omitted).

"In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." ***Drew v. Drew***, 870 A.2d 377, 378 (Pa.Super. 2005) (citation omitted). The purpose of the Protection From Abuse Act, 23 Pa.C.S.A. §§ 6101-6122 ("PFAA"), is not to punish abusers for past violent behavior, but to advance the prevention of domestic violence from abusive perpetrators. ***Fonner v. Fonner***, 731 A.2d 160, 161 (Pa.Super. 1999). This court has emphasized that "[t]he purpose of the [PFAA] is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." ***Buchhalter v. Buchhalter***, 959 A.2d 1260, 1262 (Pa.Super. 2008). Under the PFAA, the petitioner bears the burden of proving the allegations of abuse by a preponderance of the evidence. ***See*** 23 Pa.C.S.A. § 6107(a). For proceedings where, as here, the petitioner commences proceedings under the PFAA, the PFAA defines "abuse" as: "[k]nowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury." 23 Pa.C.S.A. § 6102(a)(5).

In his first issue on appeal, appellant contends that the trial court erred when it held the final PFA hearing in appellant's absence, thereby violating appellant's due process rights. (Appellant's brief at 11.) In his

argument, appellant relies on this court's decision in **Plowman v. Plowman**, 597 A.2d 701 (Pa.Super. 1991). **Id.** Specifically, appellant argues that the trial court violated the **Plowman** court's application of Pa.R.Civ.P. 1915.9, which prohibits judgment by default or on the pleadings in custody proceedings. (Appellant's brief at 14, citing Pa.R.Civ.P. 1915.9.) Appellant also quotes **Plowman** as follows: "While this rule ostensibly applies to final orders of custody, Rule 1915.9, Explanatory Note, we find it applicable where the result of any order substantially affects the rights of either parent, or the minor children." (Appellant's brief at 14, quoting **Plowman**, 597 A.2d at 706.)

Appellant's reliance on **Plowman** is misplaced. **Plowman** was decided in the context of a father's allegation that "he was denied procedural due process since he was not afforded a full evidentiary hearing" before the trial court permitted the child to relocate to Maryland with his mother. **Plowman**, 597 A.2d at 705. Here, the record indicates that at 1:30 p.m. on April 16, 2018, the Elk County Sherriff's Office served appellant at the Elk County Jail with a copy of the notice of the April 18, 2018 final PFA hearing. Although appellant asserts that he requested to appear at the hearing, there is no evidence of record to support that appellant requested to be transported from the Elk County Prison to the courthouse so that he may appear for the final PFA hearing, and the trial court found as such. Moreover, the PFAA only requires that a defendant be given notice of a final

PFA hearing.  *See* 23 Pa.C.S.A. § 6107(a).  Accordingly, appellant's first issue is without merit.

In his second issue on appeal, appellant avers that the evidence was not sufficient to warrant the trial court granting a PFA order.  (Appellant's brief at 16-17.)  Within his argument, appellant appears to raise two arguments.  The first of appellant's arguments alleges that appellee's testimony was not credible, as it was based wholly on "hearsay and speculation."  (*Id.*)  Appellant further contends that the conduct of which appellant was accused did not rise to the level of abuse contemplated by the PFAA and that appellant's conduct was "parental discipline and not abuse." (*Id.* at 17.)

This court reviews sufficiency of the evidence claims pertaining to protection from abuse hearings as follows:

> When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference[s], determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence.  This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it.  Furthermore, the preponderance of the evidence is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence.

***Ferko-Fox v. Fox***, 68 A.3d 917, 926-927 (Pa.Super. 2013), quoting

***Thompson v. Thompson***, 963 A.2d 474, 477 (Pa.Super. 2008) (quotations

and citations omitted).

As noted by the ***Ferko-Fox*** court, we defer credibility determinations

to the trial court. Accordingly, because appellant's argument rests solely on

the credibility of appellee's testimony, which we are not entitled to reweigh,

we find that appellant's first sufficiency of the evidence argument is without

merit.

Appellant next takes exception to the trial court's conclusion that his

alleged conduct rose to the level of abuse contemplated by the PFAA.

(Appellant's brief at 17.) The PFAA defines "abuse," in relevant part, as the

"occurrence of one or more of the following acts between family or

household members . . . . (4) Physically . . . abusing minor children."

23 Pa.C.S.A. § 6102(a)(4).

During the final protection from abuse hearing, appellee testified as

follows:

> And [N.G.A.] was riding his bike sometime during this altercation right before, and [appellant] told him to get off the bike. And [N.G.A.] didn't. And [appellant] grabbed [N.G.A.] by his throat and took him off the bike. And I have a picture here that I took, and I brought him to the State Police and asked if that was also documented when they arrested [appellant] on the charges against his wife, since it was the same night. And they said that [N.G.A.] had a hoody on and a big heavy coat and he was really scared from what he [had] just seen,

and he didn't say anything. But they didn't see the mark on his neck because of what he was wearing.

I got a call Sunday morning to pick [N.G.A.] up, and when he got on his booster seat, he looked up and I [saw] on his neck. And I asked [N.G.A.] what happened, and he told me his dad grabbed him by the throat and ripped him off his bike because he wouldn't get off the bike right when [appellant] told him to get off the bike.

Notes of testimony, 4/18/18 at 5-6.

Clearly, this testimony established the context in which the PFA order was sought. The testimony involved acts of violence committed by appellant toward his wife in the presence of the children, as well as his failure to further control his anger toward N.G.A. Appellee further provided photographic evidence of the mark she discovered on N.G.A.

Based on this testimony, when viewed in the light most favorable to appellee, we find that appellee presented sufficient evidence to warrant the trial court's granting a PFA order. Therefore, appellant's second issue is without merit.

Finally, appellant avers that the trial court's granting of a three-year PFA order was excessive and constitutes an error of law. (Appellant's brief at 18-19.) Appellant further argues that the custody implications brought forth by the final protection from abuse order were also excessive. (*Id.* at 19.)

The PFAA provides, in relevant part:

**(a) General rule.--**The court may grant any protection order or approve any consent agreement to bring about a cessation of abuse of the plaintiff or minor children. The order or agreement may include:

. . . .

(4) Awarding temporary custody of or establishing temporary visitation rights with regard to minor children. In determining whether to award temporary custody or establish temporary visitation rights pursuant to this paragraph, the court shall consider any risk posed by the defendant to the children as well as risk to the plaintiff. The following shall apply:

(i) A defendant shall not be granted custody, partial custody or unsupervised visitation where it is alleged in the petition, and the court finds after a hearing under this chapter, that the defendant:

(A) abused the minor children of the parties or poses a risk of abuse toward the minor children of the parties; or

(B) has been convicted of violating 18 Pa.C.S. § 2904 (relating to interference with custody of children) within two calendar years prior to the filing of the petition for protection order or that the defendant poses a risk of violating 18 Pa.C.S. § 2904.

(ii) Where the court finds after a hearing under this chapter that the defendant has inflicted abuse upon the plaintiff or a child, the court may require supervised custodial access by a third party. The third party must agree to be accountable to the court for supervision and execute an affidavit of accountability.

(iii) Where the court finds after a hearing under this chapter that the defendant has inflicted serious abuse upon the plaintiff or a child or poses a risk of abuse toward the plaintiff or a child, the court may:

(A) award supervised visitation in a secure visitation facility; or

(B) deny the defendant custodial access to a child.

(iv) If a plaintiff petitions for a temporary order under section 6107(b) (relating to hearings) and the defendant has partial, shared or full custody of the minor children of the parties by order of court or written agreement of the parties, the custody shall not be disturbed or changed unless the court finds that the defendant is likely to inflict abuse upon the children or to remove the children from the jurisdiction of the court prior to the hearing under section 6107(a). Where

> the defendant has forcibly or fraudulently removed any minor child from the care and custody of a plaintiff, the court shall order the return of the child to the plaintiff unless the child would be endangered by restoration to the plaintiff.
>
> (v) Nothing in this paragraph shall bar either party from filing a petition for custody under Chapter 53 (relating to custody) or under the Pennsylvania Rules of Civil Procedure.
>
> (vi) In order to prevent further abuse during periods of access to the plaintiff and child during the exercise of custodial rights, the court shall consider, and may impose on a custody award, conditions necessary to assure the safety of the plaintiff and minor children from abuse.
>
> . . . .
>
> **(d) Duration and amendment of order or agreement.--**A protection order or approved consent agreement shall be for a fixed period of time not to exceed three years. The court may amend its order or agreement at any time upon subsequent petition filed by either party.

23 Pa.C.S.A. § 6108(a)(4)(A)(iii)-(iv); (d). As noted above, within the context of PFA orders, we review a trial court's legal conclusions for abuse of discretion. *See Drew*, 870 A.2d at 378. Abuse of discretion is defined as "more than just an error in judgment." *Commonwealth v. Walsh*, 36 A.3d 613, 620 (Pa.Super. 2012), quoting *Commonwealth v. Jackson*, 785 A.2d

117, 118 (Pa.Super. 2001), ***appeal denied***, 798 A.2d 1288 (Pa. 2002). Rather, the record must reflect that "the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." ***Id.***

Here, after reviewing the record, we find that the trial court's legal conclusions and granting of the PFA order are devoid of manifestly unreasonable judgment, partiality, prejudice, bias, or ill-will. To the contrary, the trial court acted within the limits established by the plain language of the PFAA. Accordingly, appellant's third issue is without merit.

Order affirmed.


Olson, J. joins this Memorandum.

Murray, J. concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/13/2018