Christine E. Stewart KARCH, Appellee,

v.

Dinzel J. KARCH, Jr., Appellant.

Superior Court of Pennsylvania.

Argued April 5, 2005.

Filed Oct. 11, 2005.

Ronald D. Ashby, Media, for appellant.

Jo Ann Massaro, Media, for appellee.

BEFORE: STEVENS, TODD, and GANTMAN, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant, Dinzel Karch, Jr., appeals from the final protection from abuse ("PFA") order entered by the Court of Common Pleas of Delaware County on May 20, 2004. On appeal, Appellant argues that the court erred in granting the PFA. We affirm.

¶ 2 The facts and procedural history are as follows: Wife and Husband are married with three children from the marriage and have the guardianship of a fourth child. The parties have a volatile history and on March 4, 2004, after an incident wherein Husband had placed his hands around Wife's neck and threatened to "snap" it, the trial court granted Wife a 30–day PFA. Trial Court Opinion 8/24/04 at 3.

¶ 3 On May 16, 2004, Christine Karch ("Wife") and Dinzel Karch, Jr. ("Husband"), were in their backyard engaged in a heated discussion regarding getting divorced, as they re-entered their home, Husband put his hands[1] on Wife's forehead, made a motion with his hands as if he was firing a gun, and said "there is your future." Id. Fearing for her life, Wife drove to the police station and reported the incident. Id. Afraid to return to her home and having nowhere else to go, Wife spent the night in her SUV at the police station parking lot. Id. Wife returned home the next morning and got her children ready for school. When she again left the home, she discovered that one of her SUV's tires had a puncture wound and was flat. Id.

¶ 4 Wife filed for a PFA on May 17, 2004, and on May 20, 2004, following an evidentiary hearing, the trial court issued a final PFA Order. The instant appeal followed. The trial court directed Husband to file a statement pursuant to Pa. R.A.P. 1925(b).[2] Husband filed the statement, and the trial court filed an opinion.

¶ 5 Husband claims that the evidence was not sufficient to support the grant of the PFA.[3]

When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner

---

1. Wife testified that the action felt like a brush burn and made her head sore. N.T. 5/20/04 at 9.

2. Husband's 1925(b) statement which raised ten issues is somewhat less than concise and also fairly vague.

3. We note with disapproval that Appellant's brief does not include the Statement of the Scope and Standard of Review as required by Pa.R.A.P. 2111(a)(3) and a copy of the Statement of Matters Complained of on Appeal as required by Pa.R.A.P. 2111(a)(10). Further, the Order in Question is not in the manner prescribed by Pa.R.A.P. 2115(a), and the Statement of the Case does not contain a "closely condensed chronological statement in narrative form, of all the facts which are necessary to be known" as required by Pa. R.A.P. 2117(a)(4). Lastly, the combination of Husband's vague 1925(b) statement and the incoherent style of the Argument section of his brief make it difficult to discern whether the claims raised in the brief are the same as those raised in the 1925(b) statement and to discern the exact nature of claims argued in the brief.

and granting her the benefit of all reasonable inference, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence.... This court defers to the credibility determinations of the trial court as to witnesses who appeared before it.

*Fonner v. Fonner*, 731 A.2d 160, 161 (Pa.Super.1999) (quoting *Miller on Behalf of Walker v. Walker*, 445 Pa.Super. 537, 665 A.2d 1252, 1255 (1995)). A preponderance of the evidence is defined as "the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence." *Raker v. Raker*, 847 A.2d 720, 724 (Pa.Super.2004) (citation omitted).

¶ 6 The Acts defines abuse as:

"Abuse." The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or person who share biological parenthood.

(1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

(2) Placing another in reasonable fear of imminent serious bodily injury.

(3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).

(4) Physically or sexually abusing minor children including such terms as defined in Chapter 63 (relating to child protective services).

(5) Knowingly engaging in a course of conduct or repeatedly committing

acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecution commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S. § 6102(a).

■ ¶ 7 Husband first argues that the Court erred in finding Wife credible with respect to her testimony about the injury inflicted upon her by Husband. In essence, Husband argues that Wife testified that he gave her a brush burn but that, based upon Wife's description of the incident, it would have been impossible for her to get a brush burn from that type of contact. However, Wife did not testify that Husband gave her a brush burn but that the injury was sore "like a brush burn." N.T. 5/20/04 at 9. In any event, this Court has no authority to overturn the trial court's credibility determinations in this matter. *See Fonner, supra.*

¶ 8 Husband also argues that the trial court should not have credited Wife's testimony because she did not seek medical treatment for her injury.[4] This Court has repeatedly held that neither the PFA Act nor the body of case law interpreting it requires that there be medical evidence or that the Wife seek medical treatment for an injury in order for her testimony to be found credible. *See Hood–O'Hara v. Wills*, 873 A.2d 757, 761 (Pa.Super.2005).

■ ¶ 9 Husband next argues that the lack of compliance with 23 Pa.C.S. § 6105 (which concerns the responsibilities of law enforcement agencies) precludes the issu-

---

4. The trial court specifically noted the lack of a police report or medical verification but found Wife's testimony about her injury to be credible.

ance of a PFA in this matter. It is unclear from Husband's brief whether he is arguing that the failure of the police to comply with 23 Pa.C.S. § 6105 casts doubt on Wife's testimony that she reported the May 16, 2005 incident; that the failure of the police to comply with 23 Pa.C.S. § 6105 casts doubt on Wife's credibility because it demonstrates that the police did not believe that she had been abused; or that the failure of the police to comply with 23 Pa.C.S. § 6105 precludes any domestic violence victim from getting a PFA as a matter of law. It is well settled that neither the PFA Act nor caselaw requires that a police report be filed in order to obtain a PFA.[5] *See Hood–O'Hara v. Wills, supra.* Further, we wish to make it abundantly clear that this Court will not infer that the failure of the police to act on a report of domestic violence means that the victim is not credible, and we will not place the onus on the victim to force police departments to comply with § 6105 as a prerequisite for obtaining a PFA. Lastly, Husband has not cited to any legal authority to support the ludicrous notion that the failure of the police to comply with § 6105 should be held against the victim.

¶ 10 Husband next claims that the trial court wrongly shifted the burden to him to disprove Wife's allegations. In support of this claim, Husband relies on the final sentences in the discussion section of the 1925(a) opinion. The sentences read:

> Defendant's behavior falls within the statutory definition of abuse, and Plaintiff is entitled to relief. Defendant did not provide credible evidence or testimony that tipped the scale in his favor, and therefore, this Court was not inclined to dismiss the Plaintiff's petition.

Trial Court Opinion 8/24/04 at 7. While the trial court's choice of wording is unfortunate, when these sentences are read in context it is clear that the trial court applied the correct burden of proof. The sentences come at. the end of the discussion section wherein the trial court specifically noted that Wife had the burden of proving abuse by a preponderance of the evidence and comprehensively discussed the Wife's evidence and found that she had met the burden. Trial Court Opinion 8/24/04 at 4–7. The trial court also discussed Husband's testimony and why the trial court did not believe that it was credible. Given this, when the concluding sentences are read in context, it is apparent that the trial court found that Wife met her burden under the PFA Act and that Husband's testimony did not cast doubt on Wife's evidence or persuade the trial court that the petition should be dismissed.

¶ 11 Husband's next argument is somewhat less than clear. Husband acknowledges that actual physical injury is not a prerequisite for obtaining a PFA and that this Court has held that verbal threats are sufficient to support the grant of a PFA. However, Husband seems to argue that Wife was not entitled to a PFA because the trial court did not find a physical injury and/or because the mark on her head was no longer hurting when Wife sought the temporary PFA. Husband also appears to argue that Wife's testimony about the verbal threats was not sufficient to sustain the grant of a PFA and/or that the trial court cannot grant a PFA under both 23 Pa.C.S. § 6102(a)(1) and 23 Pa.C.S. § 6102(a)(2) simultaneously.

¶ 12 To the extent that Husband attacks the sufficiency of the evidence, his claim lacks merit. The evidence at the hearing demonstrated that Husband made the shape of a gun, "fired" it while touching his Wife's head with enough force to

---

5. We note that in the 1925(a) opinion the trial court only addressed the third argument.

cause pain, and told Wife that "there is your future." The evidence also demonstrated that this was not the first time that Husband had threatened Wife and that there had been a previous PFA in this matter. Wife also testified that Husband had previously kept guns in the house which had been removed over Husband's strenuous objections. This evidence was more than sufficient to sustain the grant of a PFA.[6] *See Burke v. Bauman*, 814 A.2d 206, 207–209 (Pa.Super.2002) (threats made over the telephone sufficient to sustain the grant of a PFA); *Fonner*, 731 A.2d at 163 (testimony that Husband screamed at Wife, briefly touched her arm to restrain her, and punched a wall near her was sufficient to sustain the grant of a PFA). Further, Husband has produced nothing to support a claim that a trial court cannot grant a PFA under more than one section of § 6102(a), a claim that is belied by the plain language of the PFA Act.

¶ 13 Husband's final claim is that the trial court should not have found Wife credible because the underlying incident arose out of a heated discussion about divorce and custody. Husband then proceeds to speculate for approximately six and one-half pages about Wife's concerns vis-à-vis the divorce and the allegedly advantageous position she gained due to the grant of the PFA. Husband had the opportunity to question Wife about her "motivations" at the PFA hearing, he chose not to do so, and we will not engage in speculations that are completely unsupported by the record.

¶ 14 Affirmed.

---

6. Husband also appears to argue that trial court was not permitted to infer from Wife's testimony at the hearing that she was afraid of Husband at the time of the incident. We find this argument to be utterly unpersuasive.