J-S29028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GEMMA CHEREVKA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KATHLEEN PITCHFORD | |
| Appellant | No. 1753 WDA 2015 |

Appeal from the Order October 5, 2015
In the Court of Common Pleas of Allegheny  County
Family Court at No(s): FD 15-001645

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 27, 2016**

Appellant, Kathleen Pitchford, appeals from the order entered October 5, 2015, in the Court of Common Pleas of Allegheny County, which granted Appellee, Gemma Cherevka's petition for a final Protection from Abuse Order brought under the Protection from Abuse Act (the "PFA Act"), 23 Pa.C.S.A. §§ 6101 *et seq*. As we have no basis to conclude that the trial court abused its discretion in assessing the credibility of the witnesses before it, we affirm.

On September 29, 2015, Cherevka filed a PFA Petition against Pitchford, her biological mother. The trial court entered a temporary PFA order pending a final evidentiary hearing. At the final evidentiary hearing, Cherevka testified Pitchford had repeatedly showed up at her house despite

_____

[*] Former Justice specially assigned to the Superior Court.

being instructed by West Mifflin Police not to do so. *See* N.T., PFA Hearing, 10/5/15 at 2. Cherevka testified that Pitchford has sent numerous emails and repeatedly called her home, her husband's parents, other family members, and her employer. *See id*. at 5-6. She explained that Pitchford had called her house up to eight times in a single day. *See id*. Cherevka stated that on September 20, 2015, Pitchford came to her house, despite knowing of her desire to have no contact, causing her to feel threatened. *See id*. at 10.

At the conclusion of the hearing, the PFA court determined that Cherevka was credible, and further, that it did not believe Pitchford's continued insistence that she had not threatened or harassed her daughter. Thus, the PFA court granted Cherevka a final PFA order. This timely appeal followed.

Pitchford challenges the sufficiency of the evidence in support of the final protection from abuse order. "In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." *Boykai v. Young*, 83 A.3d 1043, 1046 (Pa. Super. 2014) (citation and internal quotation marks omitted). We review the evidence of record in the light most favorable to, and grant all reasonable inferences to, the party that prevails before the PFA court. *See Snyder v. Snyder*, 629 A.2d 977, 982 (Pa. Super. 1993). The petitioner need only establish her case by a preponderance of the evidence to be entitled to relief. *See Custer v.*

*Cochran*, 933 A.2d 1050, 1058 (Pa. Super. 2007). The preponderance of the evidence standard is "defined as the greater weight of the evidence, i.e., to tip a scale slightly is the criteria or requirement for preponderance of the evidence." *Raker v. Raker*, 847 A.2d 720, 724 (Pa. Super. 2004) (citation omitted).

> Furthermore, we must defer to the credibility determinations of the trial court. Finally, we note that a PFA petitioner is not required to file a police report, nor is it necessary for her to introduce medical evidence of an injury. The petitioner's testimony is sufficient if it is believed by the trial court.

*Custer*, 933 A.2d at 1058. (internal citations omitted).

> The PFA Act defines "abuse" as follows:
>
> The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
>
> (1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.
>
> (2) Placing another in reasonable fear of imminent serious bodily injury.
>
> (3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).
>
> (4) Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).
>
> (5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal

prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102.

Pitchford asserts that the trial court erred in granting Cherevka's PFA petition because she failed to establish "abuse" as that term is defined under § 6102(a)(5). Preliminarily, we note that Pitchford erroneously argues that the trial court was required to find that Cherevka was in reasonable fear of bodily injury that is both imminent and serious. **See** Appellant's Brief at 17. In order to establish "abuse" under § 6102(a)(5), all that is required is that the petitioner establish by a preponderance of the evidence that she is in "reasonable fear of bodily injury." The "imminent and serious" requirement is necessary to support a finding of "abuse" only under § 6102(a)(2), upon which neither Cherevka nor the trial court relied in this matter. This argument is therefore unavailing.

As noted, the trial court explicitly credited Cherevka's testimony that Pitchford has repeatedly and incessantly telephoned her house, family and place of employment, and that she has repeatedly shown up at her residence without her permission to do so. **See** Trial Court Opinion, 11/23/15 at 4-5. The court further credited Cherevka's testimony that Pitchford's course of conduct and repeated acts placed her in reasonable fear of bodily injury. **See id**. "Credibility determinations are crucial components to any trial proceeding." **Ferko-Fox v. Fox**, 68 A.3d 917, 924 (Pa. Super. 2013). "The trial court's ability to view the petitioner's facial expressions and mannerisms during the … hearing is critical to an ability to render its

credibility determinations." ***Id***. "This court defers to the credibility determinations of the trial court as to witnesses who appeared before it." ***Karch v. Karch***, 885 A.2d 535, 537 (Pa. Super. 2005) (citation omitted).

As the PFA court credited Cherevka's testimony, and the transcript otherwise supports the PFA court's factual findings, we conclude that the record amply supports the trial court's conclusion that Cherevka established, by a preponderance of the evidence, that Pitchford engaged in a course of conduct that placed Cherevka in reasonable fear of bodily injury under § 6102(a)(5).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/27/2016