J. S10016/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

T.R.                                   :        IN THE SUPERIOR COURT OF
                                       :              PENNSYLVANIA
                                       :
          v.                           :
                                       :
                                       :
                                       :
F.A.M.,                                :
                                       :
          Appellant                    :        No. 2746 EDA 2016

Appeal from the Order Entered August 2, 2016
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2016-PF-0767

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY DUBOW, J.:                              **FILED MAY 09, 2017**

Appellant, F.A.M., appeals from the August 2, 2016 Final Protection from Abuse Order, which restricted contact between Appellant and his ex-paramour, T.R.  Upon careful review, we reverse.

Appellant and Appellee have two children together and are currently involved in a custody dispute.  On June 20, 2016, Appellee filed a Petition for Protection from Abuse ("PFA") Order against Appellant pursuant to the PFA Act, 23 Pa.C.S. §§6101-6117 alleging that Appellant "keeps threatening my adult son over the phone and me too, to kill us and take away our house." PFA Petition, filed 7/20/16, at 3.  On the same day, the trial court entered a Temporary PFA Order against Appellant pending a hearing.

On August 2, 2016, the trial court held a hearing on Appellee's PFA Petition where both parties appeared *pro se*.  At the hearing, Appellee

testified that on July 18, 2016, Appellant called her adult son on the telephone and said that he was going to kill Appellee. N.T., PFA Hearing, 8/2/16, at 4. Appellee presented an additional witness, her adult son, G.A.V.C., who testified that Appellant and Appellee were in an argument regarding their 14-year-old son when Appellant called G.A.V.C. on the telephone and threatened to kill Appellee during the course of their conversation. *Id.* at 6-7.

In contrast, Appellant testified that he did speak to G.A.V.C. over the telephone, but he did not threaten Appellee and hasn't talked to Appellee in "five, six years." *Id.* at 8, 11. Appellant presented testimony from Appellant's aunt, G.S., who testified that, to her knowledge, Appellant had not spoken to Appellee in over five years and did not threaten Appellee. *Id.* at 10.

On August 2, 2016, after the hearing, the trial court granted Appellee's PFA Petition and entered a Final PFA Order prohibiting Appellant from contact with Appellee for a period of three years, with the exception of discussing custody issues. This timely appeal followed.[1]

Appellant raises the following issues on appeal:

---

[1] On September 1, 2016, Appellant filed a notice of appeal. The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 26, 2016.

1. Whether the trial court erred in finding that the evidence presented showed that [Appellant] was under reasonable fear of immediate serious bodily injury?

2. Whether the trial court erred in accepting that the testimony of [G.A.V.C.] as [*sic*] credible when the witness continually admitted he was paraphrasing and offered statements counter to what he had testified to in the same hearing.

3. Whether [Appellant]'s due process was violated when he was not permitted to cross[-]examine the witness who claimed the defendant threatened [Appellee].

4. Whether the trial court erred in determining that a final PFA should be issued for three years without any evidence that three years was necessary for the protection of [Appellee].

Appellant's Brief at 8-9 (some capitalization omitted).

In his first issue presented, Appellant claims that the evidence presented was not sufficient to rise to the level of abuse as defined in the PFA Act, 23 Pa.C.S. §§ 6101-6117. Appellant specifically avers that the evidence presented was insufficient to prove that Appellee was under reasonable fear of immediate serious bodily injury. Appellant's Brief at 14. We agree.

Our standard of review is well settled:

When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. . . . This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it.

*Karch v. Karch*, 885 A.2d 535, 536-37 (Pa. Super. 2005) (citations omitted). This Court has defined the preponderance of the evidence standard as "the greater weight of the evidence, *i.e.,* to tip a scale slightly is the criteria or requirement for preponderance of the evidence." *Raker v. Raker*, 847 A.2d 720, 724 (Pa. Super. 2004).

When a petitioner files a PFA Petition, the trial court has an obligation to schedule a hearing within ten days. 23 Pa.C.S. § 6107(a). At the hearing, the petitioner "must prove the allegation of abuse by a preponderance of the evidence." *Id.* The PFA Act defines the term "abuse" in pertinent part as:

> The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
>
> * * *
>
> (2) Placing another in reasonable fear of imminent serious bodily injury.

23 Pa.C.S. § 6102(a). When hearing evidence in a PFA case, "the court's objective is to determine whether the victim is in reasonable fear of imminent serious bodily injury[.]" *Raker, supra* at 725. The intent of the alleged abuser is "of no moment." *Id.*

In the instant case, after viewing the evidence in the light most favorable to Appellee, we are constrained to find that there is insufficient evidence to justify the entry of a PFA Order. The record is devoid of **any**

evidence indicating that Appellee was in reasonable fear of imminent serious bodily injury as required by 23 Pa.C.S. § 6102(a). Appellee did not testify that she was fearful of Appellant or that she believed Appellant was going to harm her. Furthermore, neither Appellee nor G.A.V.C. testified as to how or when Appellee learned of Appellant's threat. Likewise, neither witness testified as to how Appellee reacted upon learning of the threat. There was simply no evidence presented that Appellee was in reasonable fear of imminent bodily harm. **See Raker, supra** at 725.

The trial court opined:

> We found and still find Appellee's witness credible because of the manner and content of his testimony. We found and still find Appellant and his witness not credible as contrasted to Appellee's witness. Based upon these credibility findings, we find that Appellant did state to Appellee's son that he was going to kill Appellee. Thus, Appellant committed abuse as defined in 23 Pa.C.S. § 6102.

Trial Court Opinion, filed 9/26/16, at 3 (actual page 2).

We defer to the credibility determinations of the trial court. **See Karch, supra** at 536-37. We recognize and are troubled that Appellant threatened to kill Appellee. However, absent any evidence that Appellee was in reasonable fear of imminent serious bodily injury, we are constrained to reverse. In light of our disposition, we decline to address Appellant's remaining issues.

Order reversed.

J. S10016/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2017