J-A28040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MYRON R. HAYDT DEVELOPMENT, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| 1691 BETHLEHEM PIKE LP | : | |
| | : | No. 188 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment Entered December 16, 2016
In the Court of Common Pleas of Bucks County Civil Division at No(s):  No. 2014-80163

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 09, 2018**

Appellant, 1691 Bethlehem Pike LP, appeals from the December 16, 2016 Judgment entered in the Bucks County Court of Common Pleas in favor of Appellee, Myron R. Haydt Development, Inc., in accordance with a verdict rendered after a non-jury trial.  After careful review, we affirm.

Appellant, a strip mall owner, and Appellee, a contractor, entered into a written construction contract.[1]  The construction contract provided that Appellee would perform façade renovation and site improvement services at Appellant's strip mall located in Hatfield Township, Montgomery County, at a

---

[1] Appellant's general partner, Scott Hartzell, and Appellee's principal, Myron R. Haydt, signed the contract on behalf of their respective businesses. Although they are not individually named as parties, to facilitate our discussion we herein refer to them as Appellant and Appellee, respectively.

cost of $573,000, to be paid by Appellant. The contract included, *inter alia*, a "no oral modifications" clause. It also initially provided 120 days for completion of the project[2] and that Appellee would not receive final payment until it delivered subcontractor lien waivers to Appellant.

It is undisputed that Appellee did not complete work on the project because Appellant asked it to leave the job site. However, at the time Appellant terminated Appellee, Appellee had substantially completed work on the underlying contract and only minor punch-list tasks remained unfinished.

Following Appellee's termination, Appellee demanded payment from Appellant, but Appellant refused to pay. Thus, on October 29, 2014, Appellee filed a Mechanics' Lien claim. Further, on December 11, 2014, Appellee filed a Complaint against Appellant, raising two claims: violation of the Contractor and Subcontractor Payment Act ("CSPA"), 73 P.S. § 501 *et seq.*, and Breach of Contract.

On December 19, 2014, Appellant filed an Answer and New Matter and Counterclaim. Appellee filed an Answer to Appellant's New Matter and Counterclaim on January 7, 2015.

The court held a bench trial on June 29, 2016, and June 30, 2016. The trial court made extensive findings of fact in its Opinion, which we adopt

---

[2] The parties later agreed in writing to extend this deadline.

herein. *See* Trial Ct. Op., 12/13/16, at 1-8 (unpaginated).  We summarize the following germane evidence and findings of fact.

Initially, the contract between the parties provided that Appellee would use wood for framing.  However, when the Township reviewed the renovation plans, it indicated that it preferred Appellee to use steel instead of wood.  *Id.* at 25.  The parties thereafter had many discussions regarding the design change from wood to steel and, in reliance on Appellant's oral representations, Appellee executed the revised design.  *Id.* at ¶¶ 32, 36. The court specifically found that Appellant told Appellee after the parties signed the contract that Appellant would pay Appellee for the design change at the end of the project.  *Id.* at ¶ 39.  Moreover, Appellant assured Appellee that Appellant "would make good on his promise to pay[.]" *Id.*

The trial court found that, notwithstanding that the parties' contract required change orders to be in writing, the parties agreed orally to change the plans from wood to steel.  *Id.* at ¶¶ 28, 30-32.[3]

Further, the court found credible testimony that Appellee had informed Appellant that the cost of the change in materials from wood to steel was

___

[3] At trial, Appellee had testified regarding other terms in the original contract that the parties either agreed orally to modify or remove.  For example, the contract originally provided for the installation of two sidewalk curb ramps, but ultimately, pursuant to the parties' oral agreement, Appellee installed four sidewalk curb ramps.  N.T., 6/29/16, at 65-66.  Likewise, although required by the contract, pursuant to a subsequent design change and oral agreement, Appellee did not install a drive-through window and two patios. *Id.* at 67-70.

"only slightly more expensive," but the labor cost change was "extremely expensive," and that using steel extended the time the project would take to complete. *Id.* at 45, 46. The trial court found that the increase in cost as a result of the change from wood to steel construction totaled $28,047. *Id.* at ¶ 49.

The trial court also found that "[Appellee] had every subcontractor sign a writing confirming that they had been paid in full," and that Appellee had provided Appellant with all of the subcontractors' signed writings. *Id.* at 74.

Following the trial,[4] on July 20, 2016, the court entered a verdict for Appellee in the amount of $107,145.00.[5] On July 28, 2016, Appellant filed a Post-Trial Motion for Judgment Notwithstanding the Verdict ("JNOV"). In its Motion, Appellant: (1) challenged the court's conclusion that Appellee's claim satisfied the requirements of the CSPA; (2) challenged the court's conclusion that Appellee presented "clear, precise and convincing" evidence that the parties mutually agreed to waive the no-oral-modifications clause in their

---

[4] At the close of Appellee's case-in-chief, Appellant did not move for a non-suit pursuant to Pa.R.C.P. No. 226, or a directed verdict pursuant to Pa.R.C.P. No. 227.1.

[5] The verdict is comprised of two parts: $79,098.00 due under the base contract and $28,047.00 due for the steel frame labor. Appellee prevailed on both his Breach of Contract claim and his CSPA claim, although the trial court did not award Appellee statutory damages under the CSPA for the reasons explained *infra*. *See* n.6.

contract; (3) alleged that the court erred in not performing a full cost accounting of the project; and (4) alleged that the court erred in not limiting Appellee's damages to the project cost set forth in the written contract. Post-Trial Motion, 7/28/16, at 9, 16, 20-21, 28, 34. The trial court denied the Motion for JNOV on December 13, 2016, and entered Judgment in Appellee's favor on December 16, 2016.[6] This timely appeal followed.

Appellant raises the following three issues on appeal:

1. When a [p]laintiff's claim is based on an alleged oral amendment to a written contract [that] prohibits them, the [p]laintiff offers inconsistent evidence of an agreement to waive this prohibition, and only uncorroborated testimony of specific terms of the alleged amendment, has that party failed to meet the applicable "clear, precise and convincing" standard of proof?

2. When an assessment of damages is premised upon an interpretation of a written agreement that omits and effectively annuls portions of the agreement, should the assessment be remanded to the trial court for further

_____

[6] The court entered Judgment in the same amount as the verdict because it denied Appellee's request for statutory damages, interest, and attorney's fees under the CSPA based on its finding that Appellant "did not withhold payment in bad faith, and [Appellee] did not 'substantially prevail' in the matter." Trial Ct. Op. at 11 (unpaginated). *See* 73 P.S. § 512(a) ("An amount shall not be deemed to have been wrongfully withheld to the extent it bears a reasonable relation to the value of any claim held in good faith by the owner, contractor or subcontractor against whom the contractor or subcontractor is seeking to recover payment."); *Waller Corp. v. Warren Plaza, Inc.*, 95 A.3d 313, 319 (Pa. Super. 2014) (a "substantially prevailing party" is one who recovers all compensatory damages in the suit.); *Zimmerman v. Harrisburg Fudd I, L.P.*, 984 A.2d 497, 503 (Pa. Super. 2002) (a party may also substantially prevail if it recovers all damages claimed and the opposing party withheld payment in bad faith).

proceedings in which effect is given to the omitted cost accounting requirements?

3. Even assuming a contractor's valid common law breach of contract claim, when a contractor's claim does not comport with the strict requirements of the [CSPA], and the owner has proven a complete defense to the statutory claim, should judgment be entered in favor of [the] owner?

Appellant's Brief at 2.

This Court will only reverse a trial court's denial of Judgment N.O.V. if the trial court committed an error of law that controlled the case or, if the court, after reviewing the evidence in the light most favorable to the verdict-winner and giving the verdict-winner the benefit of all inferences, abused its discretion:

> Appellate review of a denial of JNOV is quite narrow. We may reverse only in the event the trial court abused its discretion or committed an error of law that controlled the outcome of the case. Abuse of discretion occurs if the trial court renders a judgment that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias or ill will. When reviewing an appeal from the denial of a request for JNOV, the appellate court must view the evidence in the light most favorable to the verdict-winner and give him or her the benefit of every reasonable inference arising therefrom while rejecting all unfavorable testimony and inferences. . . . Thus, the grant of JNOV should only be entered in a clear case and any doubts must be resolved in favor of the verdict-winner[.]

*Sears, Roebuck & Co. v. 69th Street Retail Mall, L.P.*, 126 A.3d 959, 967 (Pa. Super. 2015) (citations, quotation marks, and brackets omitted).

Appellant's first and second issues implicate the sufficiency of Appellee's evidence at trial.[7]  Specifically, Appellant first argues that Appellee produced "no . . . evidence of a waiver [of] the 'no oral modifications' term[]" and, thus, Appellee's "allegation of the existence of an *oral* agreement at or near the commencement of the project . . . fails to meet the 'clear, precise, and convincing' standard of proof as a matter of law."  Appellant's Brief at 12-13, citing **Gloeckner v. School District of Baldwin Twp.**, 175 A.2d 73, 75 (Pa. 1961).  Appellant avers in its second issue that Appellee did not offer any evidence of "any alleged amendment to Article 16 generally, or specifically to § 16.2 of the Agreement[,]" and, thus, the court must conduct a full cost accounting of the Project.[8]  Appellant's Brief at 16.

Before addressing the merits of Appellant's sufficiency claim, we first consider whether Appellant has preserved it.  Pursuant to Pa.R.C.P. No. 227.1, "after trial and upon the written Motion for Post–Trial Relief," a trial

_____

[7] Appellant attempts to frame his second issue as a challenge to the court's interpretation of the parties' contract, but bases his argument on an assumption that Appellee presented insufficient evidence to show their agreement to permit oral modifications to the contract.

[8] Article 16, "Termination of the Contract," sets forth the circumstances under which either party may terminate their Agreement.  Agreement, undated, at 9-10.  Article 16.2.2 provides that, when any of the circumstances giving rise to termination for cause, pursuant to Article 16.2, exists, Appellant may "take possession of the site and of all materials thereon owned by [Appellee], and finish the [w]ork by whatever reasonable method [Appellant] may deem expedient."  **Id.** at § 16.2.2.

court may, *inter alia*, "direct the entry of [J]udgment in favor of any party[.]" Pa.R.C.P. No. 227.1(a)(2). However, a trial court may only grant such relief if the "grounds therefor ... were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method **at trial**." Pa.R.C.P. No. 227.1(b)(1) (emphasis added). In order to preserve a challenge to the sufficiency of the evidence, a defendant is required, at the close of the plaintiff's case, to move for a nonsuit or a directed verdict on the basis that the plaintiff has not established a right to relief. **Haan v. Wells**, 103 A.3d 60, 67 (Pa. Super. 2014). Pursuant to Pa.R.C.P. No. 226, "[**a**]**t the close of all the evidence**, the trial judge may direct a verdict **upon the oral or written motion of any party.**" Pa.R.C.P. No 226(b) (emphasis added). The failure to make such a motion waives an appellant's sufficiency challenge. **See Haan**, 103 A.3d at 67 (citing, **Bennyhoff v. Pappert**, 790 A.2d 313, 317 (Pa. Super. 2001)).

Our review of the record reveals that Appellant did not file a Motion for a Directed Verdict or Nonsuit at trial raising any challenges to the sufficiency of Appellee's evidence.[9] As a result, Appellant waived his sufficiency claims.[10, 11]

---

[9] To the extent that Appellant's claims challenge the weight given to the testimony, we decline to disturb the trial court's credibility determinations. **Karch v. Karch**, 885 A.2d 535, 537 (Pa. Super. 2005) (citation omitted)
*(Footnote Continued Next Page)*

In its final issue, Appellant claims that, because the trial court found that Appellant had withheld payment in "good faith," the trial court erred in finding Appellee entitled to any payment under the CSPA. Appellant's Brief at 18. Appellant argues that "good faith withholding" is a complete statutory defense to a CSPA claim. *Id.* Appellant has not developed this argument, nor has he cited any statutory authority case law in support of this assertion.

It is long-settled that failure to argue and to cite any authority supporting an argument constitutes a waiver of the issue on appeal. *Jones v. Jones*, 878 A.2d 86, 90 (Pa. Super. 2005). This Court will not act as counsel and will not develop arguments on behalf of an appellant. *Bombar v. West American Insurance Company*, 932 A.2d 78, 93 (Pa. Super. 2007). When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we can dismiss the appeal entirely or find certain issues to

*(Footnote Continued)* ————————————

("This [C]ourt defers to the credibility determinations of the trial court as to witnesses who appeared before it.").

[10] Because Appellant waived these issues, we affirm the trial court's determination that the parties agreed to permit oral modifications of the terms of the Agreement. Accordingly, Appellant's issue as it pertains to the court's accounting also fails because the success of this claim was contingent upon this Court concluding that the trial court erred in finding that the parties did **not** orally modify their Agreement.

[11] Even if Appellant had not waived this issue, it would not merit relief. Our review of the record indicates that the trial court's findings of fact amply support its conclusion that Appellee presented sufficient evidence of the parties' intent to waive the "no oral modifications" clause in their contract. *See* Trial Ct. Op., at 12-14 (unpaginated).

be waived. ***See*** Pa.R.A.P. 2101. Because Appellant has failed to develop this issue, he waived it.[12] ***See id.*** ***See also Bombar***, ***supra*** at 95; ***Jones***, ***supra*** at 90.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/18

---

[12] Moreover, even if Appellant had not waived this issue, it would not be entitled to relief. In this issue, Appellant mischaracterizes the "good faith withholding" exception in the CSPA. Contrary to Appellant's assertion, the "good faith withholding" exception set forth in 73 P.S. § 512(a), does not extinguish a plaintiff's right to payment under the terms of the contract; rather it insulates a defendant only from the imposition of statutory damages. ***See Zimmerman***, 784 A.2d at 502.