J-S25002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| OLUSEUN WERT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA WERT | : | No. 175 EDA 2024 |

Appeal from the Order Entered December 13, 2023
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2023-PF-1492

BEFORE:  DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 17, 2024**

Appellant, Oluseun Wert ("Mother"), appeals from the December 13, 2023 order entered in the Lehigh County Court of Common Pleas that denied the Petition for Protection From Abuse ("PFA") that Mother filed on behalf of herself against Appellee, Joshua Wert ("Father") pursuant to the PFA Act, 23 Pa.C.S. §§ 6101-6122.  Upon careful review, we affirm.

Mother and Father are parents to seven-year-old L.W. and five-year-old L.W. (collectively, "Children").  The parties are involved in contentious divorce and custody proceedings.  Father's mother, Margaret Wert ("Paternal Grandmother" or "PGM"), has helped watch Children since they were born and is involved in custody exchanges.  On December 6, 2023, Mother filed a PFA petition against Father alleging that on October 24, 2023, at the parties'

former marital home, Father and Paternal Grandmother had a threatening discussion following a child support hearing.[1]  Mother specifically alleged:

> [Paternal Grandmother] made a comment about getting me jumped or taking out a hit on me within [C]hildren's hearing.  The conversation continued in the presence of our [then] 6-year-old son stating that I just don't understand who I'm messing with, and that they will be "stealth about it."

PFA Petition, 12/6/23, ¶ 11.  On the same day, the court granted a temporary PFA order.

On December 13, 2023, the court held a final hearing on the petition. The court heard testimony from Mother; Paternal Grandmother, and Father. The court also viewed a doorbell video depicting the October 24, 2023 exchange between Paternal Grandmother and Father that occurred at the parties' former marital home, where Father still resided at the time.

The video depicted the following exchange between Paternal Grandmother and Father:

**Father**:  (Indiscernible)

**PGM**:  (Indiscernible) put a hit on her.

**Father**:  (Indiscernible) and he said basically – he was like (indiscernible) you're (indiscernible) he was like (indiscernible) I told (indiscernible) and my friends and (indiscernible) and so you know (indiscernible).

**PGM**:  Well, she definitely (indiscernible) she would bet full. She was hoping that, you know –

_____

[1] Mother also filed a PFA petition against Paternal Grandmother, which the trial court denied.  Mother appealed that disposition at Docket No. 176 EDA 2024.

**Father**: (Indiscernible).

**PGM**: Yeah. Yeah. Yeah. She fails to realize you're my kid (indiscernible) and you're stronger than that. And she doesn't (indiscernible) you know, we're going to be stealth about it. (Indiscernible) in her fact or anything. (Indiscernible) very stealth. So like I said (indiscernible) I'm hoping Spry talks to her and (indiscernible) and her see the light a little bit and (indiscernible).

**Father**: I think she (indiscernible) the pictures and (indiscernible) took according to (indiscernible) –

**PGM**: Mm-hmm.

**Father**: (Indiscernible)

**PGM**: I think that's why there – mm-hmm. I think that's why there was a meeting on Saturday.

**Father**: (Indiscernible) I just (indiscernible).

N.T. PFA Hearing, 12/13/23, at 19-20.

At the conclusion of the hearing, the trial court denied the PFA petition on the basis that Mother failed to present sufficient evidence to sustain her claims.

Mother timely appealed.[2] Both Mother and the trial court complied with Pa.R.A.P. 1925.

---

[2] On January 12, 2024, Mother filed a notice of appeal purporting to challenge two separate orders in two separate cases. Specifically, Mother challenged both a December 13, 2023 order denying a protection from abuse petition as well as a January 2, 2024 custody order. On January 30, 2024, this Court entered a rule to show cause directing Mother to respond as to the order being appealed. On February 7, 2024, Mother filed a response to the rule to show cause, and on February 20, 2024, Mother filed an amended notice of appeal solely challenging the December 13, 2023 order.

Mother raises a sole issue for our review: "Did the court abuse its discretion by denying a [PFA] order when there was a credible threat of physical violence?" Mother's Br. at 4.

**A.**

In a PFA action, this Court reviews the trial court's legal conclusions for an error of law or an abuse of discretion. *Custer v. Cochran*, 933 A.2d 1050, 1053-54 (Pa. Super. 2007) (*en banc*). A trial court does not abuse its discretion for a mere error of judgment; rather, we will find an abuse of discretion "where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill will." *Mescanti v. Mescanti*, 956 A.2d 1017, 1019 (Pa. Super. 2008) (citation omitted). Moreover, on appeal, this Court will defer "to the credibility determinations of the trial court as to witnesses who appeared before it." *Karch v. Karch*, 885 A.2d 535, 537 (Pa. Super. 2005) (citation omitted). It is well-settled that "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Walsh*, 36 A.3d 613, 619 (Pa. Super. 2012) (citation omitted). Finally, we review the evidence of record in the light most favorable to, and grant all reasonable inferences to, the party that prevailed before the PFA court. *Snyder v. Snyder*, 629 A.2d 977, 982 (Pa. Super. 1993).

The purpose of the PFA Act is "to protect victims of domestic violence from those who perpetrate such abuse" and "its primary goal is advance

prevention of physical and sexual abuse." ***Lawrence v. Bordner***, 907 A.2d 1109, 1112 (Pa. Super. 2006) (citation and internal quotation marks omitted). "[T]he [PFA] Act does not seek to determine criminal culpability. A petitioner is not required to establish [that] abuse occurred beyond a reasonable doubt, but only to establish it by a preponderance of the evidence." ***Snyder***, 629 A.2d at 982. A "preponderance of evidence standard is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence." ***Raker v. Raker***, 847 A.2d 720, 724 (Pa. Super. 2004).

The PFA Act defines the term "abuse," in relevant part, as follows:

**"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

\* \* \*

(2) Placing another in reasonable fear of imminent serious bodily injury.

23 Pa.C.S. § 6102(a)(2).

In the context of a PFA case, the court's objective is to determine whether the victim is in reasonable fear of bodily injury. ***See Raker***, 847 A.2d at 724-25. Since the PFA act's goal is to prevent abuse, a victim does not have to wait for abuse to occur for the act to apply. ***Buchhalter v. Buchhalter***, 959 A.2d 1260, 1262-63 (Pa. Super. 2008). Past conduct is relevant to this consideration. ***Id.*** at 1263.

**B.**

In her sole issue, Mother avers that the trial court abused its discretion when it denied her PFA petition. Mother's Br. at 4. Mother argues that Father "admitted on the record and in the video played for the [c]ourt, that a physical threat was made, though he did not consider it serious." *Id.* at 8. Mother further argues that the physical threat placed her in fear of physical harm. *Id.* at 8. Mother claims that when you view the evidence in a light most favorable to her and grant her the benefit of all reasonable inferences, that she clearly demonstrates by a preponderance of the evidence that she was in reasonable fear of imminent bodily harm. *Id.* at 10. Mother's claims lack merit.

First, Mother misstates the appropriate standard of review. As stated above, we are compelled to review the evidence of record in the light most favorable to, and grant all reasonable inferences to, Father as he is the party that prevailed before the PFA court. *See Snyder*, 629 A.2d at 982. Moreover, Mother misrepresents Father's role in the conversation. Instantly, the court acknowledged that Father and Paternal Grandmother had a conversation but found that Father did not make any statements of alleged abuse; rather, he was the listener. The trial court opined:

> None of the statements of alleged abuse were purported to have been made by [Father]. They were all made by [Paternal Grandmother]. [Mother]'s accusations toward [Father], as the listener of another person's statements, does not meet the burden of proof by a preponderance of the evidence that [Father] attempted to cause bodily injury or placed by physical menace another in fear of imminent serious bodily injury.

Trial Ct. Op., 2/12/24, at 3 (unpaginated).  Upon review, the record supports

the trial court's findings.  Accordingly, we find no abuse of discretion in the

trial court's denial of Mother's PFA petition regarding Father.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/17/2024