J-A07022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DORIS PRUKALA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL A. PRUKALA | : | |
| | : | |
| Appellant | : | No. 1245 MDA 2017 |

Appeal from the Order Entered July 18, 2017
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
08183-2017

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

PER CURIAM MEMORANDUM:               **FILED AUGUST 15, 2018**

Appellant, Michael A. Prukala, appeals from the order entered on July 18, 2018, granting Doris Prukala (Mrs. Prukala) a final order for protection from abuse (PFA) against Appellant.  We affirm.

We briefly set forth the facts and procedural history of this case as follows.  On July 10, 2017, Mrs. Prukala filed a PFA petition against her son, Appellant.  Mrs. Prukala alleged that, on June 12, 2017, she and her husband asked Appellant to vacate their residence and he verbally abused them, threatened to set the house on fire, and threw a shovel at a window where his father was sitting.  The trial court issued a temporary PFA on July 10, 2017. On July 18, 2017, the trial court held a hearing on the PFA petition and entered a final PFA order.  The order, in effect for two years, excludes Appellant from Mrs. Prukala's residence, requires Appellant to relinquish his guns, and prohibits his subsequent possession of firearms.

_____
* Former Justice specially assigned to the Superior Court.

Appellant filed a notice of appeal on August 10, 2017. On August 31, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, there is no notation on the trial court docket that Appellant complied. Thereafter, on October 3, 2017, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a), determining that Appellant "failed to timely file a concise statement of errors pursuant to Rule 1925(b)" and, therefore, "waived all issues for appeal." Trial Court Opinion, 10/3/2017, at 1.

Initially, based upon our review of the certified record, this panel affirmed the trial court's finding of waiver in an unpublished memorandum filed on May 16, 2018. On May 17, 2018, counsel for Appellant filed an application for reargument, contending that she did not receive the trial court's Rule 1925(b) order or its subsequent Rule 1925(a) opinion. Counsel attached various affidavits to the application for reargument, maintaining that the clerk in charge of sending orders and opinions could not recall to whom she sent the Rule 1925(b) order and Rule 1925(a) opinion. On July 6, 2018, this Court entered a *per curiam* order granting panel reconsideration and withdrawing our prior memorandum.

Our Supreme Court has stated:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's

- 2 -

provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*[.]

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011).

"In extraordinary circumstances, the [trial] judge may allow for the filing of a [Rule 1925(b) s]tatement or amended or supplemental [s]tatement *nunc pro tunc*." Pa.R.A.P. 1925(b)(2). Our Supreme Court has determined:

Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances. Generally, in civil cases an appeal *nunc pro tunc* is granted only where there was fraud or a breakdown in the court's operations through a default of its officers.

***Union Elec. Corp. v. Bd. Of Prop. Assessments, Appeals & Review of Allegheny Cty.,*** 746 A.2d 581, 584 (Pa. 2000) (citations and internal quotation marks omitted); ***see also In re Canvass of Absentee Ballots of November 4, 2003 General Election***, 843 A.2d 1223, 1234 (Pa. 2004) (our Supreme Court has "held that fraud or the wrongful or negligent act of a court official may be a proper reason for holding that a statutory appeal period does not run and that the wrong may be corrected [] *nunc pro tunc.*"). "An appellate court may remand in either a civil or criminal case for a determination as to whether a [Rule 1925(b) s]tatement had been filed and/or served or timely filed and/or served." Pa.R.A.P. 1925(c)(1).

Based upon a review of the docket and certified record, and the affidavits attached to Appellant's application for reargument, we conclude that there was a breakdown in the operations of the courts and that a remand is unnecessary. Accordingly, we shall consider the merits of Appellant's claims.

On appeal, Appellant claims that Mrs. Prukala provided insufficient evidence that she was in reasonable fear of imminent serious bodily injury. *See* Appellant's Brief at 14. Appellant instead suggests that the sole aim of Mrs. Prukala's PFA filing was to evict him from the residence he shared with his parents. Appellant also claims that the trial court harbored bias and displayed prejudice and ill will against him. These claims merit no relief.

The trial court may enter a PFA order "to bring about a cessation of abuse of the plaintiff[.]" 23 Pa.C.S.A. § 6108(a). Under the Protection from Abuse Act, "abuse" occurs where a family or household member places another member of his family or household in reasonable fear of imminent serious bodily injury. *See* 23 Pa.C.S.A. § 6108(a)(2).

> [I]n a PFA action, we review the trial court's legal conclusions for an error of law or abuse of discretion. ***Lawrence v. Bordner***, 907 A.2d 1109, 1112 (Pa. Super. 2006). In ***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000), our Supreme Court defined "abuse of discretion" in the following way:
>
>> The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, with the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the

judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Custer v. Cochran***, 933 A.2d 1050, 1053–1054 (Pa. Super. 2007) (*en banc*). Credibility of the witnesses and the weight accorded their testimony is within the exclusive province of the judge as fact finder. ***Karch v. Karch***, 885 A.2d 535, 537 (Pa. Super. 2005) (citation omitted).

Because [Appellant] challenges the sufficiency of the evidence supporting the trial court's final protection from abuse order[, we will apply the following guidelines in reviewing his claim.] When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, the reviewing court must "view the evidence in the light most favorable to the verdict winner, granting her the benefit of all reasonable inferences." ***Fonner v. Fonner***, 731 A.2d 160, 161–163 (Pa. Super. 1999). The reviewing court then determines whether the evidence was sufficient to sustain the trial court's conclusions by a preponderance of the evidence. The preponderance of the evidence standard is "defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence." ***Raker v. Raker***, 847 A.2d 720, 724 (Pa. Super .2004) (citation omitted).

***Mescanti v. Mescanti***, 956 A.2d 1017, 1019-1020 (Pa. Super. 2008).

Mrs. Prukala offered the following testimony at the July 18, 2017 hearing:

[THE COURT]: Ma'am, this is your petition you filed against your son?

[Mrs. Prukala]: Yeah.

[THE COURT]: I'm looking at what you stated. Can you tell me on June 12th you came in here and you said what had happened. Can you tell me what happened? I know it was not just one thing.

[Mrs. Prukala]: Yeah.

[THE COURT]: But on June 12ᵗʰ when he was asked to leave there was an argument?

[Mrs. Prukala]: Right.

[THE COURT]: When you asked him to leave the property he got angry?

[Mrs. Prukala]: Right.

[THE COURT]: Tell me what happened?

[Mrs. Prukala]: Well he came in the house and he threatened my husband. He tried to punch him in the face. My husband is disabled and he's in a wheelchair. And then he left and he went out – upstairs and got a shovel and started throwing it at the window, you know, all over, you know.

[THE COURT]: Did he try to break the window with a shovel?

[Mrs. Prukala]: Yeah, yeah, with a shovel.

[THE COURT]: What did he say about burning the house down?

[Mrs. Prukala]: He told my husband he's going to burn the house down, you know. He threatened I guess.

[THE COURT]: He's done this before?

[Mrs. Prukala]: No, this is the first time.

[THE COURT]: But you said he's continually verbally abused you?

[Mrs. Prukala]: Yeah.

[THE COURT]: He lives in your house?

[Mrs. Prukala]: Yeah, upstairs, yeah.

[THE COURT]: Does he pay room and board?

[Mrs. Prukala]: No, no.

[THE COURT]: So there's holes in the walls?

[Mrs. Prukala]:  Yeah.

[THE COURT]:  Burned the deck outside?

[Mrs. Prukala]:  Yeah, upstairs.

[THE COURT]:  Removed sinks from the house?

[Mrs. Prukala]:  Yep.

[THE COURT]:  He threatened to shoot anybody who came in the house to help you?

[Mrs. Prukala]:  Yeah, he's angry.

[THE COURT]:  He set fireworks off in the house?

[Mrs. Prukala]:  I don't know – yeah.

[THE COURT]:  This has been difficult for you?

[Mrs. Prukala]:  Yeah.

[THE COURT]:  Are you afraid in your own home?

[Mrs. Prukala]:  My husband is.  Yeah we both are.

[THE COURT]:  How old is your husband?

[Mrs. Prukala]:   73.

[THE COURT]:  He's in a wheelchair because he has –

[Mrs. Prukala]:  Limited use of his legs.

[THE COURT]:  Okay.

[Mrs. Prukala]:  He fears him, you know.  He gets angry, you know.

N.T. PFA Hearing, 7/18/17, at 3-5.

Viewing the evidence in the light most favorable to Mrs. Prukala, we conclude there was ample evidence from which the trial court could infer that Mrs. Prukala reasonably feared imminent serious bodily injury as a result of Appellant's conduct. Mrs. Prukala testified that Appellant burned the upstairs deck on her home, threatened to burn her house down, and threw a shovel at a window in the home she shared with Appellant. She also testified that, due to Appellant's actions, she is afraid in her own home. Because this evidence showed that Mrs. Prukala suffered abuse within the meaning of 23 Pa.C.S.A. § 6102(a)(2) because of Appellant's conduct, we discern no error of law or abuse of discretion in the trial court's entry of a PFA order in favor of Mrs. Prukala and against Appellant.

We also reject Appellant's assertion that the trial court manifested bias, ill will, and prejudice toward the defense. Specifically, Appellant asserts that the court demonstrated bias throughout the proceedings by asking Mrs. Prukala leading questions, asking her whether Appellant (her son) paid rent in exchange for his lodgings, and interfering with counsel's efforts to resolve the PFA litigation during the July 18, 2017 hearing before the entry of a final order. We reject these contentions. The court's conduct at the hearing was reasonably calculated to establish order in the courtroom, maintain an efficient pace in the proceedings, and reach a fair and just result based upon the facts adduced through the testimony of the witnesses. While we acknowledge the trial court's continuing obligation to remain impartial and to avoid the

appearance of bias, we perceive no manifestation of such conduct in the record before us. Accordingly, the trial court's PFA order should be affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/18