J-S20019-21

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | | | |
|---|---|---|---|---|
| J.S. | | : | IN THE SUPERIOR COURT OF | |
| | | : | PENNSYLVANIA | |
| | Appellee | : | | |
| | | : | | |
| v. | | : | | |
| | | : | | |
| B.H. | | : | | |
| | | : | | |
| | Appellant | : | No. 1166 MDA 2020 | |

Appeal from the Order Entered August 7, 2020
In the Court of Common Pleas of Lancaster County
Civil Division at No(s):  CI-20-03639

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED:  AUGUST 12, 2021**

Appellant, B.H., appeals from the order entered in the Lancaster County
Court of Common Pleas, which granted the petition of Appellee, J.S., filed
under the Protection from Abuse ("PFA") Act.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows.
The parties are the parents of two-year-old child, S.W.S. ("Child"), and have
been involved in a highly contentious custody action.  On May 18, 2020,
Appellee filed a *pro se* petition for a temporary PFA order.  In the petition,
Appellee alleged:

> [Appellant] chased me to my car where I was buckling
> [Child] in, he pinned me to the open back door screaming
> that I was a "bitch" and I would "pay for this" saying he's
> not going to be nice anymore.  He repeatedly jabbed his
> fin[g]er in my face, hitting my nose at one point.  He leaned

---

[1] 23 Pa.C.S.A. §§ 6101-6122.

into my face about one inch from me screaming "fuck you, fuck you, fuck you" while [Child] sobbed hysterically crying "mom mom mom[."]  His fists were clenched, his face was full of rage and bright red, I closed my eyes sure that he was going to punch me.  The[n] he turned and stormed off, thank God my mom was there with me.

(PFA Petition, filed May 18, 2020, at ¶11).  Based on Appellee's allegations,

[Appellee's] petition was granted and a Temporary [PFA] Order was entered on May 18, 2020.  A hearing was scheduled for June 12, 2020.  On June 11, 2020, because the parties, through counsel, required the matter to be heard at a special listing, the hearing was continued to July 8, 2020 and the Temporary [PFA] Order remained in full force and effect.  On June 2[5], 2020, by agreement of the parties, the hearing was continued to August 7, 2020 and the Temporary [PFA] Order remained in full force and effect. Both parties appeared for a final [PFA] hearing on August 7, 2020 […] held in conjunction with a custody hearing and relocation hearing […].  The court entered a Final [PFA] Order on August 7, 2020 ("Order").  [Appellant] filed his timely notice of appeal on September 4, 2020.  The court filed an order pursuant to Pa.R.A.P. 1925(b) on September 17, 2020 directing [Appellant] to file a concise statement of errors complained of on appeal.  [Appellant] filed his concise statement of errors on October 2, 2020.

(Trial Court Opinion, filed October 30, 2020, at 1-2) (internal citation omitted).

Appellant raises the following issues on appeal:

Whether the evidence supports a conclusion that [Appellant] attempted to cause or intentionally, knowingly or recklessly caused bodily injury, serious bodily injury, threat of serious bodily injury; or evidence that [Appellee] was in reasonable fear of imminent serious bodily injury from [Appellant].

Did the [trial] [c]ourt err in considering testimony in the custody hearing that immediately preceded the PFA hearing without the inclusion of that testimony into evidence in this matter.

(Appellant's Brief at 9).

"In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." *Stamus v. Dutcavich*, 938 A.2d 1098, 1100 (Pa.Super. 2007) (quoting *Drew v. Drew*, 870 A.2d 377, 378 (Pa.Super. 2005)). "When interpreting statutes, we exercise plenary review." *Stamus, supra* (internal citation and quotation marks omitted). Additionally, "[t]his [C]ourt defers to the credibility determinations of the trial court as to witnesses who appeared before it." *Karch v. Karch*, 885 A.2d 535, 537 (Pa.Super. 2005).

"The purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." *Buchhalter v. Buchhalter*, 959 A.2d 1260, 1262 (Pa.Super. 2008) (quoting *Custer v. Cochran*, 933 A.2d 1050, 1054 (Pa.Super. 2007) (*en banc*)). "[T]he [PFA] Act does not seek to determine criminal culpability. A Petitioner is not required to establish abuse occurred beyond a reasonable doubt, but only to establish it by a preponderance of the evidence." *Snyder v. Snyder*, 629 A.2d 977, 982 (Pa.Super. 1993). "A preponderance of the evidence is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the [criterion] or requirement for preponderance of the evidence." *Karch, supra* at 537 (internal citation and quotation marks omitted).

In his first issue, Appellant argues that Appellee presented insufficient evidence to warrant a PFA order because she did not prove "abuse" as defined

in the PFA Act. Specifically, Appellant maintains that Appellee failed to establish that she suffered physical injury or violence directed at her, or others, that would give rise to a reasonable fear of imminent serious bodily injury. Appellant claims Appellee's testimony was inconsistent regarding whether Appellant's finger touched her face. Further, Appellant insists that Appellee used the PFA Act as a tool to limit or deny contact between Appellant and Child. Appellant concludes the evidence was insufficient to justify entry of the PFA order, and this Court should reverse the trial court's decision and dismiss the petition. We disagree.

The PFA Act defines "abuse" as follows:

**§ 6102. Definitions**

**(a) General rule.**—The following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:

**"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

(1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

(2) Placing another in reasonable fear of imminent serious bodily injury.

\*    \*    \*

23 Pa.C.S.A. § 6102(a)(1-2). "When a claim is presented on appeal that the

evidence is not sufficient to support an order of protection from abuse, the reviewing court must view the evidence in the light most favorable to the verdict winner, granting her the benefit of all reasonable inferences." *Mescanti v. Mescanti*, 956 A.2d 1017, 1020 (Pa.Super. 2008) (internal citation and quotation marks omitted). "The reviewing court then determines whether the evidence was sufficient to sustain the [trial] court's conclusions by a preponderance of the evidence." *Id.*

Significantly, under Section 6102(a)(1), "'force' is not required to establish 'abuse' under the PFA Act." *Boykai v. Young*, 83 A.3d 1043, 1047 (Pa.Super. 2014). Additionally, with respect to Section 6102(a)(2), "[i]n the context of a PFA case, the court's objective is to determine whether the victim is in reasonable fear of imminent serious bodily injury. The intent of the alleged abuser is of no moment." *Buchhalter, supra* at 1263. Physical contact is not a pre-requisite for a finding of abuse under Section 6102(a)(2) of the Act. *Fonner v. Fonner*, 731 A.2d 160 (Pa.Super. 1999). As the goal of the Act is to prevent physical and sexual abuse, a victim does not have to wait for physical or sexual abuse to occur for the Act to apply. *Id.*

Instantly, the trial court explained:

> In her testimony, [Appellee] described that [Appellant] was "screaming, ... his face was red, ...his fists were trembling, ... and [he was] calling me names." During the exchange [Appellant's] finger hit [Appellee's] face. [Appellee] testified that she braced herself knowing [Appellant] was going to hit her. [Appellee] testified that [Appellant] then turned and headed back into his house. The incident led [Appellee] to have her Mother facilitate future custody

- 5 -

exchanges without [Appellee] present on all but one occasion. [Appellee] witnessed another incident on January 1, 2020 in which she observed [Appellant] threaten [her] step-father. [Appellee's] Mother also observed [Appellant's] agitated demeanor on May 17, 2020 and described him as "screaming at the top of his lungs" and that "his veins were bulging in his neck, and his face was really red." [Appellee's] Mother further described a different January 2020 incident also mentioned by [Appellee] in her testimony in which [Appellant] was "bashing on the door and screaming." [Appellant] admitted to coming to Pennsylvania from North Carolina at that time to rent a neighboring house. [Appellant] testified that he simply knocked on [Appellee's] door. [Appellee] acknowledged that [Appellant] had never physically harmed her prior to the May 17, 2020 incident. [Appellant] argued that he was never violent with [Appellee] and yelled at her only once. [Appellant] later admitted that he yelled at [Appellee] and said ["fuck you and pointed his finger at Appellee"].

Throughout the entire [final PFA hearing], [Appellant] was agitated and, at times, appeared to [the court] almost unable to control himself. He appeared aggressive toward his attorney, aggressive toward [Appellee] and the [c]ourt continued to make eye contact with the courtroom sheriff deputies to ensure that they stood at the ready to subdue [Appellant] if he was incapable of self-control. [Appellant] presented himself in a physically intimidating manner throughout the proceeding. Accordingly, it was not difficult for the [c]ourt to believe [Appellee's] descriptions of [Appellant's] behavior as [Appellant] was placing his characteristics of intimidation on display for the [c]ourt throughout the day.

(Trial Court Opinion at 4-5) (internal citations omitted). Based on the evidence presented at the hearing, the court found Appellee proved abuse under either subsection (a)(1) or (a)(2). Our review of the record supports the trial court's analysis. The trial court was free to reject Appellant's version of events in favor of Appellee's testimony. *See Karch, supra*. Viewed in the

light most favorable to Appellee as the verdict winner, the record demonstrates that Appellee established Appellant's abuse as defined under the Act. **See** 23 Pa.C.S.A. § 6102(a)(1-2); **Mescanti, supra**. **See also Fonner, supra**. Therefore, Appellant's first issue on appeal merits no relief.

In his second issue, Appellant argues that the court considered testimony from the custody proceeding that was not introduced into evidence at the PFA hearing. Appellant acknowledges that the parties agreed to conduct the custody proceedings on the same day as the final PFA hearing. Nevertheless, Appellant asserts that testimony from the custody proceedings was not properly introduced into the record for purposes of the PFA hearing. Appellant concludes that the court should not have considered such testimony, and this Court must grant appropriate relief. We disagree.

Preliminarily, appellate briefs must conform in all material respects to the briefing requirements in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2119 (detailing requirements of argument section of appellate brief). Where an appellant fails to raise or develop his issues on appeal properly, or where his brief is wholly inadequate to present specific issues for review, this Court will not consider the merits of the claims raised. **See Butler v. Illes**, 747 A.2d 943 (Pa.Super. 2000) (holding appellant's failure to cogently explain why trial court abused its discretion or committed error of law constitutes waiver of claim on appeal; this Court cannot act as counsel for appellant and craft argument on her behalf).

Instantly, the trial court explained:

> It is unclear to th[e] court what facts and/or testimony were not entered into the record. The court considered the testimony of the three witnesses during the Hearing on August 7, 2020 outlined *supra* along with the averments in [Appellee's] May 18, 2020 Petition that were entered into the record. Accordingly, this claim is without merit.

(Trial Court Opinion at 6) (internal citation omitted). As the trial court noted, Appellant has failed to identify what specific facts and/or testimony the court should not have relied on at the PFA hearing. Appellant did not develop this issue in his appellate brief or cite relevant legal authority to support his claim, devoting only a single paragraph of his brief to this issue. (**See** Appellant's Brief at 19). Consequently, Appellant's second issue is waived on appeal. **See** Pa.R.A.P. 2101; 2119; **Butler, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/12/2021